A. S. CLEGHORN, Collector-Ge neral of Customs *vs.* GEO. W MACFARLANE *et al.*    The Same *vs.* H. R. MACFAR-LANE.    The Same *vs.* W. S. LUCE.

APPEAL FROM DECISION OF DOLE, J., ON DEMURRER.

JULY TERM, 1888.

JUDD, C.J., MCCULLY, PRESTON, BICKERTON and DOLE, JJ.

The Collector-General of Customs cannot bring a suit in his own name for the recovery of unpaid duties.   The suit must be brought by the Hawaiian Government, to whom the duties are owed.

The action may properly be brought in assumpsit.

It is not necessary to make a negative averment of exceptions not contained in the enacting clause of the statute.

Orders upon which goods were delivered from the Custom House are not *vouchers* which the statute requires to be annexed by literal copy to the complaint.

OPINION OF THE COURT, BY MCCULLY, J.

In the three above cases the following complaint is made :

The undersigned A. S. Cleghorn, His Majesty's Collector-General of Customs, plaintiff herein on behalf of the Hawaiian Government, complains of the defendant in a plea of assumpsit. For that whereas heretofore, to wit : upon the several dates named in the bill of particulars hereunto attached and made a part of this declaration, the said defendant withdrew and received from the Custom House in Honolulu, without the payment of duty thereon, the several amounts of liquor mentioned and referred to in said bill of particulars, which said liquor had

before its said withdrawal and receipt by said defendant been imported and introduced into this Kingdom from abroad, and that by law there was collectible and payable, from the defendant, as duty upon and in respect of said several amounts of liquor, the several sums of money set forth in said bill of particulars, which said several sums of money should have been paid or secured by said defendant to the Collector-General of Customs upon the respective dates when said amounts of liquor in respect of which they respectively became due were so withdrawn and received as aforesaid from the Custom House. And plaintiff avers that the said defendant, in consideration of the premises, promised to pay the said several sums of money, together with legal interest thereon, to the Collector-General of Customs whenever the said defendant should be thereunto afterwards requested. With averment of request and refusal, etc.

Demurrers were made, which were on some points held good by the learned Justice who held the April Term.

Upon the appeal to the Court in Banco, the cases were treated jointly by the several counsel for the defendants, and although certain points of demurrer were made in one of the cases below which were not made in the others, it was considered on the appeal that all the demurrers were applicable to each case.

The first ground for demurrer, as going to the standing of the cases in Court, is to the right of action in this plaintiff to recover unpaid duties.

The statute authority for the Collector-General or other Collectors of Customs is found in Section 666 of the Civil Code, which authorizes him " to cause a suit or prosecution to be instituted in his own name on behalf of the Hawaiian Government, for any violation of the provisions of any law relating to the revenue."

The context shows what are to be considered as violations of the revenue laws. They come under the caption of the Article: " Of smuggling and other frauds · against the revenue laws." They are punished by "forfeitures, fines and penalties," of which only a half is payable to the Treasury, the other half

going to the prosecutor, informer, etc.   The suits must be brought within six months after the violation is discovered or thing done.

Action of assumpsit by the Collector for unpaid duties is clearly not within the terms of the statute referred to.   The Attorney-General does not claim so much.   He contends, however, that the Collector is not expressly inhibited by statute from bringing such action, and that from a necessity of a remedy somewhere existing to secure a right, the Collector-General, who has the right to receive all moneys paid for duties (Section 539, Civil Code), should not be barred of his remedy to collect unpaid duties.

But it cannot be assumed that if the Collector-General cannot bring this suit, there is no remedy.   It is a better inference from the express grant of a power to bring action in certain cases, to assume. that other necessary cases are otherwise provided for. The duties became a debt due the Hawaiian Government immediately upon importation of the goods, and the Hawaiian Government may bring its suit.

But A. S. Cleghorn, the Collector-General, in behalf of the Hawaiian Government, does not make the Hawaiian Government the plaintiff.

This ground of demurrer is decisive, and the Court sustains the ruling of the trial Justice thereon.

Another ground of demurrer was, that the action should have been brought as debt and not assumpsit.

We have observed *supra* that duties upon goods imported are a debt due the Hawaiian Government.   This lies in the words of the statute :  " There shall be levied, collected and paid upon goods imported," etc., and "the duties upon all goods, wares and merchandise imported into this Kingdom shall be paid in cash "—(Section 518).   The debt accrues by statute, and is not dependent on an undertaking by the importer.   *United States vs. Lyman*, 1 Mason, 481, is authority for this view.

In the case at bar, however, there is no allegation that the defendants were the importers, owners, or consignees.   The aver-

ment is only that the defendant withdrew from the Custom House goods which have been imported, and this is made a separate ground of demurrer.

Now the goods, having been imported, had been left in custody of the Custom House, which held them as security for the payment of the duties due upon them. Parting with this security, it is to be considered that the person withdrawing them assumes to pay what is due on them. They would not be transferred upon his order without such an implied undertaking. In this view, which was taken by the Court below, it may be held that this form of action is good under the averment of the declaration.

The ground of demurrer, that there is no averment negativing the statute exceptions to the payment of duties, is not good unless it appear that the exceptions are contained in the enacting clause. Exceptions in a subsequent clause (the case here) are a matter of defense. 1 Chitty, Pleadings, 246.

The first ground of demurrer, as stated in the case against defendant Luce is, that in not attaching to the declaration copies of the orders on which the goods were withdrawn from the Custom House, there is a failure to comply with the statute requirements concerning vouchers, as found in Sections 1100 and 1102 of the Civil Code. The latter section prescribes that " to the petition shall always be annexed a literal copy of the voucher upon which it is predicated (if any there be)." Section 1100 gives the form of petition for process in suits for the recovery of money upon evidence of indebtedness, or vouchers certain or computable by the Court: that is to say, upon promissory notes, bills of exchange, drafts, orders, bonds, and other instrument parol or specialty.

The vouchers which the statute requires to be annexed by copy are those upon which the action is brought or predicated. They must be evidence of indebtedness. They must be computable by the Court.

It must be considered in view of the context, that the word " orders " in the above citation can mean only an order or draft

for the payment of money. An order or request for the delivery of goods may not import a certain sum, or that any sum is payable.

This action (in each case) is not brought or predicated on the orders for the delivery of goods from the Custom House, but for the duties due on the goods. For the purposes of this action there need have been no "orders." The goods might have been withdrawn upon oral request, receipted for, or charged without receipts given. The statement of the several dates, and quantities and kinds of liquor withdrawn, is given as a bill of particulars. The orders of defendant may be evidence supporting these particulars, without being the vouchers on which the action is predicated. In many actions written instruments may be produced in evidence which are not the vouchers upon which the action is brought or from which the claim can be computed, *e.g.*, deeds and royal patents, business letters, books of account.

In regard to this ground of demurrer, the Court does not confirm the ruling of the trial Justice.

We have thought it proper in this opinion to pass upon all the grounds of demurrer, as we were requested in the argument, and as seems proper, with reference to possible future litigation of the present claims.

*C. W. Ashford* (Attorney-General), for the plaintiff.

*Messrs. Hatch, Hartwell, Whiting, Rosa* and *Neumann,* for defendants.