## W. C. PEACOCK & COMPANY *v.* JAMES B. CASTLE, Collector-General of Customs.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 17, 1897.        DECIDED MARCH 25, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

The effect of Section 524 of the Civil Code is to exempt the Collector-General of Customs from liability for duties illegally exacted and received by him as and for duties, although paid under protest.

A claim for money so paid is a claim against the Government and is not within the jurisdiction of the Circuit Court,—whether within the jurisdiction of the Supreme Court under Act 26 of the Republic or not.

OPINION OF THE COURT BY FREAR, J.

This is an action of assumpsit for $1,383.17 alleged to be "money had and received by the defendant to the use of the plaintiffs; said money being a portion of customs duties paid by plaintiffs on liquors drawn from bond; * * * which said portion of customs duties plaintiffs claim was in excess of the lawful rate, was paid under protest by the plaintiffs and was demanded, exacted and received by the defendant in contravention of plaintiffs' rights under the law." The Republic of Hawaii, claiming that it was the real defendant in the case, demurred to the complaint on several grounds, of which the principal one was that the Circuit Court was without jurisdiction of the alleged real defendant or of the subject of the action. The case comes here on an exception to the ruling of the Circuit Court sustaining the demurrer.

A preliminary question was raised, namely, whether the Republic could appear and defend as the "real defendant." In our opinion, if the Republic wished to defend this action, it should have done so in the name of the nominal defendant. Perhaps it could have been admitted as a party or as an intervenor. It should not appear merely as the "real defendant." But, as held by the Circuit Court, a question of its jurisdiction may be entertained by a court of its own motion.

Assuming that the claim sued on is really a claim against the Government, two statutes are relied on to show that the Circuit Court was without jurisdiction. One is Act 26 of the Laws of the Republic (1895), which provides that "The Supreme Court shall have exclusive jurisdiction to hear and determine * * * without the intervention of a jury * * * all claims against the Government founded upon any regulation of an Executive Department; or upon any contract, express or implied, with the Government." The plaintiffs contend, in the first place, that this Act is unconstitutional, because the Constitution provides (in Art. 6) that "the right of trial by jury in all cases in which it has been heretofore used shall remain inviolable" (except in certain cases of which this is not one); and jury trials have been "heretofore used" in cases of this kind under previous statutes (Civ. Code, Sec. 829, and Laws of 1888, Ch. 51). A sufficient answer to this contention is, that the Government cannot be sued except by its own consent, and if it consents to be sued at all, it may do so upon such terms and conditions as it pleases.

Plaintiffs contend, in the second place, that Act 26, in so far as it is involved in the present case, is copied from the United States statute (U. S. Rev. Sts., Sec. 1059) relating to the Court of Claims (which corresponds to our Supreme Court in cases of this kind); that the Supreme Court of the United States has decided that a claim of the kind in question was not within the jurisdiction of the Court of Claims (*Nichols v. U. S.,* 7 Wall. 122); and that when the legislature of one State adopts a statute of another State it adopts also the construction placed upon such statute by the courts of the State from which it was

taken.   We do not understand the decisions of the United States Supreme Court in the case above cited to go as far as plaintiffs contend.   The court based its decision on several grounds, only one of which related to the jurisdiction of the Court of Claims, and on that point the court based its decision, not on the ground that the provisions of the statute relating to the Court of Claims were not broad enough to include cases of the kind now in question, but that Congress by other legislation. (which has not been adopted by the Hawaiian Legislature) showed an intention that such claims should not be included within the jurisdiction of the Court of Claims.

The other statute relied on by the Government is Sec. 524. of the Civil Code, which reads as follows: "All moneys paid for unascertained duties, or for duties paid under protest against the rate, or amount of duties charged, shall be kept and disposed of as other moneys paid for duties, and shall not be held by the collector to await the ascertainment of duties, or the result of any litigation in relation to the rate or amount of duty legally chargeable and collectable in any case where money is so paid; but whenever it shall be shown to the satisfaction of the Minister of Finance that in any such case more money has been paid to the collector than the law requires, he shall refund the same out of any moneys in the treasury, not otherwise appropriated."

The argument is that the collector is the mere agent of the Minister of Finance, and is obliged by this section of the code to pay over to him all moneys collected as duties, and conse-quently that he can be under no obligation himself to refund any such moneys, even though illegally exacted, to the importers, and that a claim for such moneys must therefore be pursued, if at all, against the Government.   In reply to this argument, the plaintiffs contend that this section of the code is merely a regula-tion between the Collector-General and the Minister of Finance, and in no way interferes with or impairs the rights of third parties.   It seems that this statute also was taken from the United States statutes (5 Sts. at Large, p. 348).   There is also a decision of the Supreme Court of the United States construing

it. *Cary v. Curtis*, 3 How. 236, cited with approval in *Nichols v. U. S., supra*. In a lengthy decision in which the court considers the argument now relied on by the plaintiffs upon the point in question, as well as nearly all the arguments made in this case, the conclusion was reached that the statute in question prevented suits against the collector in cases of this kind. The reasoning is as follows: Regarding the collector as an agent, moneys illegally received by him as duties, if paid without protest, may be paid over by him to his principal, and there is no obligation on his part to refund the moneys to the party paying them; but if the moneys are paid under protest, it is the duty of the collector, in the absence of a statute to the contrary, to refund them, and he may refund them or retain them to await the result of a suit, and thus have the means of reimbursing himself in case judgment should be rendered against him; such suit would be a common law action upon a promise implied from the duty to refund what is illegally exacted. *Elliott v. Swartwout*, 10 Pet. 137. But the Act of Congress, corresponding to Section 524 of our Civil Code, by requiring the collector to pay the moneys received over to his superior, removed the sole ground from which the promise was implied, namely, the duty to refund, for he could not refund if he was obliged to pay the money over to his superior. No common law action, therefore, could in such case be brought against the collector. An action could be brought, if at all, against the Government only, and then necessarily only by permission of the Government, and in such manner and in such courts as it should prescribe. *Cary v. Curtis, supra*. In consequence of this decision, Congress altered the law so as to permit suits against the collector, notwithstanding his obligation to pay the moneys collected over to his superior. 5 Sts. at Large, p. 349, note, and p. 727; *Arnson v. Murphy*, 109 U. S. 238. But the suits permitted by this Act against the collector were regarded, not as common law suits, but as actions against the Government, permitted to be brought against the collector as matter of favor. *Nichols v. U. S., supra*. Afterwards the statute was again altered, taking away the right to

sue the collector (26 Sts. at Large, p. 141), and providing other methods for the determination of such claims. (Ib. p. 137, 138). The decision in *Cary v. Curtis* is conclusive against the jurisdiction of the Circuit Court, if we follow the principle urged by the plaintiffs that when one state adopts the statute of another state it also adopts the construction put upon it by the courts of the latter state. The fact that cases of this kind have been brought against the collector, or that other officers of the Government have been made the nominal defendants. in the past in somewhat similar cases is not sufficient ground for authorizing suits to be so brought now. Indeed, there has been no uniform practice in this respect in the past. In some cases the suits have been brought against the Government, in other cases against the officers. The question whether they might properly be brought against the officers has never been raised or decided, so far as we know. We believe the practice of so bringing such suits arose in consequence of the difficulty or inconvenience of obtaining the permission of the King in Privy Council, formerly required. But whoever were made defendants in such cases, the suits were generally regarded and treated as suits against the Government, and the claims as claims against the Government, and were defended by the Government. We need not review the cases to ascertain whether the suits were properly brought, or how they should have been brought under the circumstances involved in them respectively, and in the light of the statutes applicable to them, and the reasoning of the United States decisions above cited. The only case, so far as we know, in which a question of this kind was actually raised, was one in which the officer was plaintiff (*Cleghorn, Collector Gen'l, v. Macfarlane,* 7 Haw. 314), and in that case the court held that the suit should have been brought in the name of the Government.

After all, the main question is, is the claim sued on a claim against the Government? It is so treated by the plaintiffs themselves. Service of process was made on the Deputy Collector, that is, as a representative of the Government. There is indeed

no pretense that the suit is against the Collector personally, or that the judgment, if any, would be paid by any one but the Government. Such suits have always been regarded in these islands as upon claims against the Government. See *Bowler v. Board of Immigration*, 7 Haw. 715. In the cases above cited, decided by the United States Supreme Court, claims of this character under similar statutes were held to be claims against the Government and to be the subject of suit, whether against the Government directly or through the Collector, only by permission of the Government in the exercise of its right to be exempt from suit altogether, or to submit to suit only upon such terms as it should prescribe.

We are of the opinion that the subject of the action is a claim against the Government, and that the Circuit Court is without jurisdiction to hear and determine it.

The exceptions are overruled.

*Kinney & Ballou*, for plaintiffs.

*Dep. Atty. Gen'l E. P. Dole*, for the Government.